All right. Thank you. Please be seated. Good morning, everyone. Mr. Marshall, if you'd please stand. Thank you. Mr. Kirkland, on behalf of the appellant, you may proceed. Thank you, Your Honor. May it please the court and counsel. Good morning, Your Honor. Gabriel Barrios was found guilty of the bench trial of unlawful contact with a street gang member. And to prove that charge, the state was required to present evidence that Mr. Barrios knowingly had contact with the person who was actually, and in fact, a member of Even taken in the light most favorable to the state, the evidence of trial failed to show that Angelo Parra was a member of a street gang on July 4th of 2013. Wasn't there some evidence introduced that he was? Perhaps by hearsay, what was the evidence that was ostensibly directed on that issue? Wasn't there allegedly some admission made by somebody in this case? The officers, there were three witnesses called by the state. Two were recurrence officers. One was a gang expert who testified regarding the gang sheets. One of the two recurrence officers did testify that he heard the defendant address Angelo Parra as king. Okay. That in and of itself is merely circumstantial evidence, which does not prove that Angelo Parra was a gang member on that date. I see your point. Didn't the officer testify, too, that that was a type of a greeting that would mean that he was a gang member? He did testify. Well, the expert witness did testify that on investigator's swastika. But without more, that's just merely circumstantial evidence that it's a salutation. It's not conclusive beyond a reasonable doubt in and of itself standing alone. You need some kind of other indication, some kind of other evidence that puts that statement in context, that would show that Angelo Parra is, indeed, a member of the gang on that date. Let me just follow through, then. Isn't some of that context provided by the fact that Mr. Berrios is addressing Mr. Parra as king and the person with whom there is an alleged disagreement, Mr. DeLuna, I think, as white boy? Those are gang issues or gang salutations, not something we'll be using here in the courtroom. But, you know, so if he's calling Parra king, hey, king, cool it, and white boy, cool it, because he's trying to work this out, isn't that some determination, a pretty good determination, in fact, that he is recognizing their status in a particular social community? I would respectfully disagree. I don't think it's merely circumstantial evidence that does not rise to the level of proof beyond a reasonable doubt. Let me give you this example. When I was with the Winnebago County Public Defender's Office, I was assigned to Judge Michael Morrison's courtroom for a while. He retired. A couple years later, I was out shopping, and I saw him, and I greeted him as, hello, Judge. That doesn't mean that he was a judge on the day I saw him shopping. He was at one point. We have to have this indication that on the date and time in question that Angelo Parra was a gang member. And how would that be for the officer's testimony? What's lacking? How would that ever, short of a self-admission by the person, how would you prove that? Well, the state called an expert witness whose evidence was wholly unsatisfactory, and even in the libelous favor ruling, the state failed to show that Angelo Parra was a gang member. Investigator Slostak was qualified as an expert, but he's a member of the Special Operations Group of the Galore Police Department, who testified he specializes in the vice lords, I believe it was, certainly not the Latin kings. He testified he had no direct knowledge of any kind regarding Angelo Parra's gang membership or connection with any kind of gang. He relied solely on these gang sheets, which are basically police reports that contain unknown multiple possible gang members, and they're basically levels of hearsay that... But did Parra deny it on that... In the gang sheets? Yeah, on the gang sheets. I believe Investigator Slostak's testimony was that there were, ultimately on the cross he was corrected to say there were five gang sheets, one of which contained an admission of gang membership, one of which contained a not on July 4th, 2013. There's some indication that maybe sometime later in the future he had a teardrop tattoo on his eye. But that goes to show this problem of we've got to... The state is required to prove gang membership on the date and time in question. Did anybody object to the officer's testimony as being hearsay insufficient, or did he just come in without objection? He was qualified as an expert in gangs, not in the Latin Kings, but in gangs. Did anybody object when he opined that Parra was a gang member? No, her argument was in plain error on the use of the hearsay evidence contained in the gang sheets. But it wasn't objected to, correct? We'd have to go into the next analysis. It was not objected to. I don't recall that it was. So, short of Angelo Parra testifying, I am a gang member today, I was a gang member on the date in question, and I was a gang member when those sheets were generated. What else could the state have done? Well, this Court's case of People v. Jameson is instructive on that issue. In that case, there was a reasonable doubt challenge to a criminal context, right? Yes. That was a sentencing order in a criminal case. But the element of was the person with whom the defendant had contacted a gang member remains the same in both of those cases. But at what level of proof, though? Would that have to be proven beyond a reasonable doubt in the civil context? Well, there's two different things here. We do have a civil injunction in this case, which ordered the defendant And the punishment became criminal, correct, when it was violated? Is that what you're saying? Yes, but he has to have contact with someone who was a Latin King on the date and time in question. So to ask to be proven beyond a reasonable doubt that he's a Latin King, is that what you're saying? Yes. Okay. Isn't there I mean, let's just stop a minute. Isn't there a difference at least in practicality in a criminal sentence that carries a prohibition of contact with persons of similar social organizations, community organizations, versus an injunction that's issued when certain persons are named because theoretically they have leadership responsibilities or leadership opportunities in that social community? And then, you know, there is this no contact order, like a no stalking order. It doesn't raise to the same level of seriousness. One of the problems identified in Rubalcaba is that the civil injunction, that's all preponderance of the evidence standard, which doesn't translate into a criminal case. It's important to note that Angelo Parra was not named as a defendant in the civil case that's part of this case. As far as I know, his name doesn't appear in that sentence. He's apparently not one of the leaders or the persons targeted by that particular injunction. But it is likely or it is possible he could be a member of a street gang. It is possible, which makes it incumbent upon the state to prove that beyond a reasonable doubt to meet the elements of unlawful contact with a gang member. And that's why, you know, talking about civil injunction is somewhat of a different issue than the proof required to sustain conviction at trial, where one of the elements is that the person with whom Mr. Barrios had contact was, on that date and time, a member of a street gang, which these are defined terms. They're set forth in the statutes. There's IPI criminal instructions that define street gang, define street gang member. You know, these are not vaporous concepts. These are definitions with elements that must be met. And the state is required to prove those beyond a reasonable doubt. So you said there's insufficient evidence to show that Parra was a gang member. That is correct. Let's talk about your second issue, which is unconstitutionality. Yes, ma'am. How do you get there in this case? As we discussed in the brief, the statute's challenge is violating First Amendment rights, which includes the right of assembly. It may be invalidated as overbroad if a substantial number of its applications are unconstitutional. You're not saying the state can't prohibit certain contact or association between street gang members. You're saying that it is the indefinite order, the overbreadth of it, under your analysis, is the problem there. Yes, we challenge this on overbreadth grounds. And the facts of the case before us demonstrate that. This is a gentleman who was breaking up a dispute, was mediating a dispute. The police are called to a disturbance call on the early morning hours of the 4th of July. He's not involved in the dispute or the disturbance the police are called to address. He's trying to be a peacemaker. He's the only person who's arrested out of this incident. Well, you bring up a very interesting point. So is it your point, however subtle, that the association with the gang member makes a difference? If he jumps out of the car and he's a peacemaker, even though he is ostensibly associating, knowing the other person's a street gang member, there's an exception to the statute for the reason why you've injected yourself into this? Well, the analysis of whether it's unconstitutionally overbroad involves a weighing of two different factors. A substantial number of its applications are unconstitutional. How is that association criminal in and of itself? His presence at that scene where he's attempting to be a peacemaker. In making this particular argument, how is this association or this ability to meet in public illegal, aren't you addressing the injunction as opposed to the criminal statute? And can we do that in his proceedings? He was prosecuted under a criminal statute. I know, but these conditions were generated under a civil injunction. One that he was served the summons, he came to court, but we know that just appearing in court does not constitute an appearance, but by virtue of service he was then defaulted, and this was entered against him. Why didn't he challenge these issues in that court as opposed to attempting to challenge them in this court when that case is not before the court? And if not challenging him on that case, would he be precluded from challenging him in this case? He certainly may challenge the sufficiency of the evidence under the criminal conviction, so the first argument is the sufficiency of the evidence. Second is the unconstitutionality. Is he prohibited from addressing unconstitutionality here because he didn't do so at the injunction? No, I think he's, we're contesting the constitutionality of the statute under which he was prosecuted, which is properly before this court as being brought into this appeal. I think you've got a good argument for that. I don't know that I would fault you for that or preclude you and find that you have no standing to do that here, so to speak. But this touches on another important point. You're talking about the level of proof. In a civil case, if you default it, doesn't the matter of law admit a well-pleaded fact against him? I think you do. So if they plead that this is a street gang activity and he's a gang member, how does that bear in the analysis? Is there any sort of an argument in that by being defaulted? It's not whether he's a gang member, it's whether the pirate is a gang member. Right. But I don't know if that was put in the complaint. But you do have that issue, don't you? If you're defaulted, don't you, by law, admit all well-pleaded facts? Well, and then the order, the injunctive order was issued against him, yes. It prohibited walking, standing, sitting, and appearing in public. You did mention PARA, though, in that. That injunction did not mention PARA. PARA was not part of the statute at all. That was well before. Right. And no individual was named in the injunction. It was members of the Latin Kings. But, see, that goes to the overbroad nature of it. When you issue a civil injunction that says have no contact with unnamed people and it's indefinite in nature, you've prescribed an enormous amount of constitutionally protected right of association. I mean, you seem to have a point. I'm not going to say it's intuitive. But let me ask you this. Not that you're complaining about it. You're saying, I'm struck by the fact that did he ever go back into he's being hamstrung, you're right, by these conditions and orders in the civil court. Did he ever go back to the court that issued the injunction to challenge his part? The officers who responded to the scene testified that the defendant told them that on July 4th, 2013, that he was not aware of this. I don't know if he went afterwards, after he became aware of the issue of this default order or not. Didn't he show up at one time in court? Upon service early in the case. So then obviously he knew there was a case going on. Right. But that doesn't mean he didn't. Correct. I understand your point. Well, here's my problem with the argument. We have Judge Tegeler here making this decision. We had Judge, was it Grady and Judge maybe Ackman making the previous decision on the injunction or they were both somehow involved. We can only review the actions of the court in front of us. And the only judge in front of us is Judge Tegeler in the criminal court. Right. So how can we find the gang affiliation statute, which is I think your real serious problem, or whatever, the omnibus statute. How can we even look at that statute? Well, we argue that it's also unconstitutional as applied. You know, it criminalizes this behavior that is protected speech. I mean, I understand your point. And I know that you offered Jameson made the point there that this is not protected speech when you order not to have that conduct. That's why I keep using that social community phrase. Yeah, and I use gang because that's the statute that I'm most concerned with. But that's only half of the analysis. You have to weigh that because that's the state interest half of the analysis. And then you have to also consider, though, what a substantial number of applications are unconstitutional. The chilling effect on his constitutional rights to the threat of criminal prosecution greatly chills his First Amendment right of assembly. It's been somewhat addressed by the United States Supreme Court. Did the U.S. Supreme Court hold there is generally no recognized First Amendment right of association applicable to social contact between gang members? How do you square your argument with that? Well, it's, you know, I would argue that that case is wrongly decided. By the U.S. Supreme Court? What do you want us to do about that? But I think you see the problem here. You know, I understand your point. I didn't mean to be facetious. But, you know, when you say have no contact with these undesignated people who at some point in your life you may come across and be sitting in a public park with and you violated a criminal statute, that goes to the central application of the criminal statute. Well, you've got a good point. But doesn't a criminal statute require a knowing element? I mean, it has to. If you're sitting at a McDonald's with someone that you don't know is a gang member, where's that going to go? There has to be a knowing element established. And so are you barred for life from having a cup of coffee with someone who was a gang member and is no longer a gang member? That's one of the problems here that came up in Investigator Swastik's testimony, that once you're designated a gang member, you're a gang member indefinitely. You're never removed in the eyes of the rural police department from that membership. Well, the actual language, though, of this particular prohibition is congregate, affiliate, be in public. I mean, if this were in a home, it would not be an issue. This were, I'm concerned about church. It's not before us right now. Would that be an issue? If you're walking down one side of the street and if Mr. Barrios is on one side of the street and Mr. Parvas is on the other side of the street, there are two of them. So under some statutory authority, it takes two to make that mob or whatever. Does that constitute affiliation or congregation? I mean, there are cases where it's going to be, I think, an issue, but I still think it's an issue in the document that creates the problem, not the criminal statute. But the consequences are expressed and enforced and applied through the criminal statute, and that puts the criminal statute right in the center. I mean, it's kind of a, I don't want to call it a cheap trick, but it's almost a cheap trick to say, okay, we're going to issue a civil injunction that says you can have no contact with these people and then enforce it through a criminal statute, but you have no right to challenge the constitutional dimensions of the enforcement of that criminal statute. I tend to agree with you, but the purpose, and that's why I think you have to be in that civil court, whether it be 214.01 within two years or later if you can establish voidness of the order, truly void because of a change in the law or something of that nature. There was a public policy in place doing this, and I don't know. I'm struggling for how we can challenge it here or we can even consider it here. You can challenge it anywhere. I'm not saying that. But I don't know how we can consider it here. All right. Andy, I bet we've run over your time, of course, in the interest of fully exploring the arguments. Anything further, Chief? Nothing. Thank you. All right. Thank you. Thank you. We'll have the opportunity to address the Court again in due course. Thank you. All right. Ms. Lee, you may proceed. May I please report to counsel? Stephanie Lee to the people. I first would like to correct something as to Angela Parra's, the nature of the game cards that they were, in fact, using. We did have evidence in the record of a self-admission from 2012 based on the testimony, and that's in, I think, paragraph 181 of the device standards report. What we have is it said that there were leads hits that came back as a no. And my understanding of that, that's paragraph 229 in the device standards report. I don't take that as a denial. I take that as we ran a record check, and he didn't come back through that record check. That's my understanding of a lead. This was 2013 when this incident occurred. Correct. And in 2013, he could have no longer been a gang member, right, since you have 2012 is when it was a self-admission. Correct. There was a self-admission, but then you have to add into that that the defendant did refer to him as king in the present time. Well, Justice Hudson makes us refer to him as king, too.  I'm not going to take the bail on that one. But we had a gang expert who was qualified as an expert who, in fact, said that you wouldn't do that if you were not, in fact, one of the Latin kings. And, obviously, there was this gathering that ended up being of the gang members that Pera was at. I'm pretty sure Mr. Berrios is not a white boy, but he addressed Mr. Luna as white boy. So why would, you know, if that's a privilege of gang member to gang member, why did he address Luna as white boy? Because we know Mr. Berrios is not a white boy. Right. What I would say is the fact that actually Berrios got called in to sort of help diffuse this situation also implies that he has some power as maybe a possible leader of this gang, as well as the fact that he was one of the named defendants. So the fact that he was trying to diffuse a fight at that time, maybe he had some ability to relate to the different gang members on that level. But we know for a fact that the defendant was, in fact, in the Latin kings. That's not disputed. As Justice Hudson indicated, this might be one of these cases where the phrase no good deed goes unpunished. Is there any exception in the statutory scheme that would allow this type of conduct by Mr. Berrios? No, there is no exception because he was actually ordered not to be there. And I think that's what makes the difference. When you've been ordered by a civil court not to do something, he wasn't supposed to be there in the first place. So if he's driving by and he sees somebody getting beaten to death with a baseball bat, he can't jump out of the car and intervene because he's a gang member? If he knows that that person is, in fact, a gang member. He's supposed to just drive on by? He could call police. I don't know that we want to encourage the self-help anyway of the gang members jumping into these disputes. It's going to escalate it. So what you have is you have him being in the situation before the fight started also. It's not like the defendant was called to the scene because there was a fight. He was already there. And then there was a fight. If he is in a vehicle, now this is where I'm, you know, what is in public? He is in a vehicle and he is called out of that vehicle by a police officer. There's some testimony that maybe that happened, that he was there. He was asked to get out of that car by one of the three responding officers. When he's in that car, is he in public? I would argue yes because he came to the scene of this group, this gathering. Well, maybe they came to his scene, but be that as it may, we're in a car. Can he not be in a car? Well, because Angela Parra was in the same car is the evidence. And that, well, that's disputed by Ms. Sabrina, the witness who testified. Correct. We have an officer who testified, actually two, I think, that saw them together in that car. And the trial judge made a specific credibility finding that he did not believe the other witness, that Parra was not in that car. So they're actually in the car together. I would argue, yes, that, in fact, is out in public together in a car. I'll be in the car. According to one witness. On a public street. I'm sorry, what? According to one witness, right? That they were seen in the car together. My recollection is that it was officer, and I don't know, Fed Foley and Officer Spooner both saw them, I thought, together was my recollection. But as to the overbreath, I fully agree with the statements that said that the remedy would have been going into the civil court and vacating this allegedly overbroad order. We don't want to see people that get ordered not to do something to just go out and violate those orders and self-help remedy, challenge it after the fact. If he was aware of the case, he should have gone in to the civil court if he wanted to, in fact, challenge that. And to the extent that somehow a civil injunction is less serious than a criminal order, I would disagree from the standpoint that this is somebody who knows they've been ordered not to do something, and then they go out and do it. It's equally serious. We have orders of protection, which would also be civil. We don't want people just saying, well, I don't think it was right, so I'm going to go violate it and then challenge it. Is there any sensible limitation on how long this order is in effect? There is not on the face of the order itself, no. So it could be a lifelong restriction on a person's right to associate, right? Correct. As the order is written, it could be. But again, if he was going to challenge that, his remedy was to go in and challenge it at the place where it was entered, which is the civil court. So you're saying that if somebody is charged with a violation of an order of protection, in the criminal court, they cannot challenge the constitutionality of that statute? Of the order of protection statute? Yes. I don't think that they – well, they can challenge the constitutionality, but the constitutionality of these types of the criminal statute has already been upheld in Jameson, essentially, because it was the same type of order. Yeah, but that's why he's distinguishing that, and he has a good basis for arguing it. He's saying in Jameson, that was a finite order of supervision that terminates at a finite point. He's saying in here, this could be a lifelong, indefinite restriction. So isn't that distinguishing from Jameson? It's – the breadth of it was not – What? Was not distinguishable. It was equally limiting in conduct. But the timeframe is different, because in Jameson, it was an order of supervision, as I recall. Correct? So that ended at a point in time. He's saying here, this could go on for 50 years. Correct. That wasn't the issue in Jameson. The order ended at a specific point. Right. But so then it would be the question of whether it somehow would violate his rights. There are other injunctions that go on lifelong, I believe. I guess my question is not whether or not it is, in fact, unconstitutional. My question is, you're saying that the unconstitutionality cannot be challenged in the criminal court. It has to be challenged in the civil court. And my question to you is, so a violation of an order of protection, the order of protection statute can never be challenged in a criminal court? No. Well, I think he had the right to say that the order itself was unconstitutional, but he would have to prove not really the order, but he's challenging the criminal statute that he was charged under. Right. Which was based on an underlying order. If his problem is with the underlying order, I do think he needs to go to the civil court to challenge that. If his problem is with the over-breath of this alleged criminal statute, but this criminal statute has essentially, I believe, been upheld by Jameson, that you can do these kinds of orders. I understand the Jameson order was narrower in time, but the whole need in Jameson was that you don't have a protected right to violate an order and congregate as gangs, especially when you're violating an order. So then you're saying he has a right to challenge it on constitutionality, but not a right to challenge the correctness of imposing it against him. If that were the case, he'd have to go back to the civil court. Right. Well, this order was certainly in effect at the time. So to the extent that he was under that specific order, he can't say that order wasn't in existence at the time of the offense, because it clearly was. Right. So he could challenge that the statute itself is unconstitutional, which would be the criminal statute. I don't think he could just say, well, I don't think that the other order was fair. Right. And especially here. I mean, we were within, if you're saying limited in time, this wasn't indefinitely later. It was probably, if it was a 2012 approximately default order, we're only talking July 4th of 2013. So we're not saying 20 years down the road. But it had the potential, I think, is what his argument is. There is that potential, and I do obviously agree that that is true. Well, Judge Tegeler in his findings does talk about orders of protection entered ex parte, as opposed to an injunction entered by default. But he says, but that is why for an order of protection, that is why they require actual physical notice. And we know from listening to cases in this courtroom that they're very particular about trying to get notice to the person against whom the order of protection is entered. In this case, there is some question, I believe created by the record, that Mr. Berrios might not have known because he was served at a location different than the location he was served at for purposes of the summons. So, you know, is that a problem here? How does he know? How does he know he's violating this order? Well, he did appear in court at the beginning of the same case. So he knew there could be an order, but did he ever know there was an order? Well, you're obligated to follow the progression of your case under the law. He didn't follow appearance. So he showed up and he was served. That doesn't constitute an appearance. So then, I mean, then he was defaulted. But then what you're, essentially, if you follow that argument out, you're saying that any time somebody's been defaulted, they could just violate that order. Not violate, but they could challenge it wherever they need to. Sure, they could challenge it. But, I mean, he actually violated the order. That he didn't know about. Well, I mean, I disagree that. By his own statement. Right. Well, the statement, the service, actually, that actually is interesting because I believe the way they're raising the allegation that he shouldn't have been served at the address he was is by use of the very same game cards that they're arguing shouldn't have been considered in the first place. So they also kind of want that both ways is, well, you knew as a police station he was maybe somewhere else and you served him here. I mean, I think we have to trust that we have noticed that this thing was served on him, that we have that in a court file saying it was served or it was sent. Nobody else has any questions? All right. Thank you very much, Ms. Lee. Thank you. Mr. Kirkham. Henry Bobbitt. Just briefly, Your Honors. There was some question of whether or not Mr. Prior had ever denied being a member of a gang. Paragraphs 235 and 236 of the bystander's report indicates that there were five documented contacts. Swastik testified on one of those occasions that he was denied being an active member of a gang. So there is a denial in there. We don't know the chronology, but we know, according to Swastik, there was an admission and a denial. So I wanted to clarify that point. And, you know, one thing that strikes me about the – let's talk about civil injunctions and stuff. Why not enforce a civil remedy in this case? Why do we need a criminal statute to enforce a civil injunction? Aren't there civil remedies that he could be penalized for violating an order in a civil case within that civil case? If that's true, why is that relevant here? Because they chose to penalize him in a criminal case instead. Are there remedies in the civil action? Are they set out after the statute and that civil statute doesn't set out remedies? You know, being a law enforcement attorney, I'm not wholly familiar with enforcement of civil injunctions, but there has to be contempt. There has to be civil remedies. There could be contempt in court, but there's also prosecutorial discretion. And the interesting part of this is this injunction I don't think was pursued by the Kane County State's attorney. It was pursued by a separate entity. Maybe the Kane County State's attorney was there, but then we have a violation occurring allegedly on Kane County soil. So while there are civil remedies available, what is to prevent prosecutorial discretion to prosecute under this statute? And that's okay, but to take it the next step and say, but you can't challenge the constitutionality of the criminal statute seems unfair. I don't think she's denying that you can challenge the constitutionality of the statute. I think what she's saying is you can't challenge the fairness of the injunction you ran under the default, and that's where you need to go and challenge that. Okay. And that's, I think, I just make a historical footnote. I believe there's some states where you can challenge the injunction in the criminal case, but Illinois is not one of them. I apologize for that. They were a little more worried than I was. But I appreciate the protection. I just think there might be a problem with how did he know? I mean, this is allegedly his first arrest for this particular infringement. How did he know this was a problem? When confronted with the existence of the injunction, he denied knowledge of it. I mean, there's that. That was raised in the trial court, but was not raised here. Right. Okay. If there are no further questions, we would ask the court to first just outright reverse his conviction, because if it had been that he was not proved guilty beyond a reasonable doubt, that finding would obviate the whole constitutional analysis. But if you do find that he was proved guilty beyond a reasonable doubt, we would ask that you find the statute unconstitutional. Thank you, Your Honors. Thank you. Thank you, Mr. Griffin. I would like to thank both counsel for the quality of their arguments here this morning. Obviously, the matter will be taken under advisement. A written decision will issue in due course. We're going to stand in adjournment.